The plaintiff's action is founded upon sec. 6, ch. 58, Revised Statutes. Two questions are presented to the *Page 302 
consideration of the Court. The first is, was Williams, the debtor of the defendant, Flake, in actual imprisonment by reason ofmesne process for debt, capias ad satisfaciendum, or surrenderby bail, after judgment? A capias ad satisfaciendum had issued at the instance of the defendant, Flake, under which Williams had given bond for his appearance at court, agreeably to the provisions of the statute. He duly made his appearance, and an issue of fraud being made up, the cause was continued. At the term when the issue was to be tried, the sureties of Williams surrendered him, and, on the motion of the plaintiff in that action, the defendant, Flake, he was ordered by the court (420) into the custody of the sheriff, who committed him to jail. This is not a new question here. In Wright v.Roberts, 28 N.C. 120, it was decided that the committitur to the sheriff was in execution, and could not be in any other way. The debtor had been arrested on a ca. sa. and discharged out of the custody upon giving bond, and upon a surrender by his sureties, and on the prayer of the creditor, was ordered into custody. S. v. Ellison, 31 N.C. 274, is to the same effect. The Court, then, is of opinion that Williams, the debtor, was in arcta custodia by reason of the ca. sa. upon which he was arrested.
The second question is, is the creditor at whose instance a debtor is imprisoned, bound to support him while in jail? By the common law an imprisoned debtor was obliged to support himself, and, if unable to do so, was dependent upon the humanity of the jailer or of others. The act of 1773, ch. 100, commonly called the forty shillings act, does not alter the common law in this particular, but limits the time of his confinement to the first twenty days, when, by pursuing its provisions, he may entitle himself to a discharge. So far as the question now before us is concerned, the law remained unaltered down to 1821. In that year an act was passed by which it was made the duty of the jailer to furnish the prisoner with food for twenty days; "and he may, if the prisoner be unable to discharge it, recover the same of the creditor at whose instance such prisoner is confined," and limits the obligation upon the sheriff to furnish food, and of the creditor to pay for them to that time. In 1836 the Legislature passed the act whose provisions we are considering. It is manifest that the Legislature intended substantially to change the law upon this subject. The liability of the debtor to support himself for the first twenty days of his confinement is still continued, if he is able to do so; but if he is not, the burthen was not to be thrown upon the jailer nor upon the (421) charitable, but upon the creditor for whose benefit he is *Page 303 
confined. By this act the creditor is bound, not only for the first twenty days, but for the whole time the debtor is confined at his instance. The act makes it imperative on the jailer to furnish his prisoner with proper food, if they require it, "and may, if the prisoner be unable to discharge the claim for them, recover the same from the party at whose instance such debtor was confined in jail; and when the prisoner shall have remained in jail for the space of twenty days, it shall be lawful and sufficient for the sheriff or jailer to give notice thereof to the plaintiff, etc., and to demand security of him for the prison fees that may arise after the expiration of twenty days; and if he shall fail to give such security, then to discharge such debtor out of custody." For the first twenty days the sheriff is compelled to rely upon the creditor as his surety for the payment of the food furnished. But after that time it is optional with him whether he will or not. The debtor may be unable and the creditor not less so. To render himself secure the jailer is at liberty to call upon the creditor to give him additional security. Whether the creditor will do so or not is at his own pleasure. But he nevertheless remains, under the act, liable for the food furnished to the creditor. It was not the intention of the act that the prisoner, if unable to support himself, should be maintained by the jailer or the public, but by his creditor. He was not to starve. We concur with his Honor that the case is within the provisions of section 6 of the act of 1836.